PULLEN *v.* COWAN.

Opinion delivered April 7, 1924.

1. ADVERSE POSSESSION—EVIDENCE.—In an action in which plaintiff claimed to have acquired title to a strip of adjoining owner's land constituting a part of plaintiff's inclosed yard by adverse possession, evidence *held* sufficient to overcome presumption that plaintiff's predecessor held possession of the strip under and in subordination to the legal title of his grantee, defendant's predecessor, and not adversely to such grantee.

2. ADVERSE POSSESSION—RETENTION OF POSSESSION BY GRANTOR.— Retention of possession of land by a grantor after conveyance

thereof is presumed to be for the grantee, but such presumption will not extend over an unreasonable length of time.

Appeal from Benton Chancery Court; *H. L. Pearson,* special chancellor; affirmed.

*Sullins & Ivie,* for appellant.

Wherever a vendor retains possession after the execution of the deed, limitation will not begin to run against the grantee until notice of the hostility of the vendor's claim. 85 Ark. 520; 69 Ark. 562; 58 Ark. 142. If a grantor in a deed containing a covenant of general warranty conveying away the title in fee simple remain in possession, he is presumptively the tenant of the grantee, and cannot set up an undisputed title in himself without having shown some act of ouster of his landlord, or the equivalent thereof. 16 L. R. A. (N. S.) 1147. See also 1 R. C. L., p. 751, § 75. Where the language of the deed is plain, certain and unambiguous, its construction is a question of law, and the court will not consider the surrounding facts or circumstances. 103 Ark. 425; 111 Ark. 220. See also 158 Ark. 10.

HUMPHREYS, J. This suit was commenced in the circuit court of Benton County, but, on motion of appellants, was transferred to the chancery court without objection, where the issues were joined, tried, and determined. The court found that appellee was the owner and entitled to retain possession of a strip of land ten feet wide squarely off the north side of lot 6, in block 28, in B. F. Sikes' addition to the town, now city, of Rogers, Benton County, Arkansas, and divested all the interest, or apparent interest, of appellants therein out of them, and invested same in appellee, from which finding and decree an appeal has been duly prosecuted to this court.

According to the plat of B. F. Sikes' addition to the city of Rogers, lots 3 and 6, in block 28, adjoined, and each is fifty feet wide. Lot 3 is north of lot 6. On October 22, 1911, J. H. Goodwin was the owner of both lots, and resided upon the property. The main part of his house was on lot 3, but it extended over on lot 6 several feet. The testimony is in conflict as to the exact

distance, but the court found the distance to be seven feet, and we cannot say that the finding is contrary to the weight of the evidence. His residence had a fence around it, and his south line fence was ten feet over on lot 6, or, to state it differently, he had ten feet squarely off of lot 6 included in his yard. On that date he sold that part of lot 6 south of the division fence, the south forty feet thereof, to his son-in-law, E. B. Johnson, who took immediate possession thereof and built a home thereon. The property intended to be conveyed was described in the deed from Goodin to Johnson as lot 6, in block 28, in B. F. Sikes' addition to the town of Rogers. E. B. Johnson occupied the south forty feet of lot 6 until the second day of February, 1920. During his occupancy he never claimed any part of the ten-foot strip. The front part of the fence was torn down, except the posts, which remained intact. Some time in 1917 the front part of the fence was rebuilt. On February 2, 1920, E. B. Johnson sold his place to appellants, and, in conveying same, described it as lot 6, block 28, in B. F. Sikes' addition to the town of Rogers. The property was sold through an agent, Bill McGarrah. Oscar Pullen, one of appellants, testified that a division fence was between the two places at the time he purchased lot 6; that some one told him before he closed the deal that there was only forty feet in the Johnson lot; that he mentioned this fact to McGarrah, who replied that the party was "kidding" him, and, in order to assure him that the lot was fifty feet wide, took him to the clerk's office and showed him the plat. Bill McGarrah denied that he made this statement to Pullen, but, on the contrary, said he informed him that it was a narrow lot; that he took him to the clerk's office in order to get the correct number to the lot and not for the purpose of showing him that the lot was fifty feet wide.

On January 21, 1920, J. H. Goodin sold his home place to appellee, including the strip in question, but, in conveying same, described the property as lot 3, in block 28, in B. F. Sikes' addition to the town of Rogers. J. H.

Goodin testified that, after he sold the south forty feet off of lot 6 to E. B. Johnson, his son-in-law, he remained in the open, adverse, continuous possession of the ten-foot strip on the south side of lot 6, claiming title thereto; that E. B. Johnson made no claim whatever to the strip; that, when he sold his home place to appellee, he informed him that the division fence was on his south line. Appellee testified that, when he bought J. H. Goodin's home place, he understood the division fence was on the south line of the property, and that he immediately took and retained open, adverse and continuous possession of the property up to the division fence, claiming title thereto. W. R. Fields, Clarence Boyd, and John Kerr each testified that appellee told him he understood he was buying a forty-foot lot, but the plat and deed called for fifty feet, and he intended to hold them to it. Oscar Pullen denied making this statement to them.

After carefully reading and analyzing the testimony, we are convinced that the finding and decree of the chancery judge is supported by the decided weight of the evidence. Appellants contend, however, that, under the law, a presumption must be indulged that J. H. Goodin held possession of the ten-foot strip in question under and in subordination to the legal title of his grantee, E. B. Johnson, and not adversely to him. It is true, the retention of the possession of land by a grantor, after conveying same, is presumed to be for the grantee, but this presumption will not extend over an unreasonable length of time. Such a presumption will only be indulged for a reasonable length of time. In the instant case the presumption was overcome by the great weight of the testimony.

No error appearing, the decree is affirmed.